Filed 5/10/16  In re Isaiah G. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re ISAIAH G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B269655 (Super. Ct. No. J070312) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. MARCELLA G., Defendant and Appellant. | |

Marcella G., the biological mother of Isaiah G., born 2014, appeals from the juvenile court's order terminating her parental rights and selecting adoption as the permanent plan for Isaiah.  (Welf & Inst. Code, § 366.26.)[1]  We appointed counsel to represent mother on appeal.

On March 25, 2016, mother's counsel filed a brief in which no arguable issues were raised.  On March 28, 2016, we notified mother that she had 30 days within which to submit any contentions that she wished us to consider, and that the appeal would be dismissed in the absence of any arguable issues.  (*In re Phoenix H.* (2009) 47 Cal.4th

---

[1] All statutory references are to the Welfare & Institutions Code unless otherwise stated.

835, 844-846; *In re Sade C.* (1996) 13 Cal.4th 952, 994.) Mother timely responded with a letter describing her love for Isaiah and her desire that he have a relationship with his siblings. Mother has four older biological children who are the subjects of a permanent guardianship with their paternal grandmother in Los Angeles County. Her parental rights to those children were terminated in December 2013.

Although we do not doubt mother's sincerity, her letter offers no basis for us to reverse the juvenile court's order. Mother forfeited application of either the beneficial parental relationship exception (§ 366.26, subd. (c)(1)(B)(i)) or the sibling relationship exception (§ 366.26, subd. (c)(1)(B)(v)) because she did not appear at the section 366.26 hearing and her counsel did not raise these issues on her behalf. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293; *In re John M.* (2013) 217 Cal.App.4th 410, 419-420.) Our review of the record discloses no substantial evidence that either exception would apply in any event. (*In re Bailey J.* (2010) 189 Cal.App.4th 1308, 1315-1318.)

The judgment (order terminating parental rights) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P.J.

We concur:

PERREN, J.

TANGEMAN, J.

2

Tari L. Cody, Judge

Superior Court County of Ventura

_____

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.